In the Matter of the: COMPLAINT OF IRA LEVENSHON as Owner of the Motor Vessel "Satori" for Exoneration from or Limitation of Liability.

No. 05–61664–CIV–JORDAN.

United States District Court,
S.D. Florida,
Miami Division.

Dec. 28, 2005.

Michael Shelley, David W. Singer & Associates, Hollywood, FL, Russell M. Pfeifer, Christopher Rogers Fertig, Fertig & Gramling, Fort Lauderdale, FL, for Ira Levenshon.

## ORDER

JORDAN, District Judge.

The motion to increase security on the M/V Satori [D.E. 6] filed by Michelle Randall, as personal representative of the Estate of Brian Randall, is DENIED.

On October 17, 2005, Ira Levenshon filed a complaint for exoneration or limitation of liability pursuant to 46 U.S.C. 181 *et seq.* [D.E. 1]. He included, with his complaint, the affidavit of L. Frank Hamlin, a certified marine surveyor and naval architect for over twenty years. *See* Complaint, Ex. C. Mr. Hamlin estimated the fair market value of the vessel to be $800,000.00 based on two inspections of the vessel, his own experience as a surveyor, consultation with experienced yacht brokers, and reference to published values of similar vessels. Mr. Levenshon also attached to the complaint an *ad interim* stipulation for value and costs based on the affidavit. *Id.*[1]

---

1. The $800,000.00 reflects only the value of the vessel. According to the surveyor's affidavit the vessel was not carrying any freight during the relevant period.

On November 30, 2005, the same day Ms. Randall filed the answer and counterclaim against Mr. Levenshon seeking damages pursuant to the Florida Wrongful Death Act, Fla. Stat. § 768.14 *et seq.* [D.E. 5], she also filed the instant motion to increase security on the M/V Satori. In her motion, Ms. Randall simply contends that "[u]pon information and belief" the affidavit of value Mr. Levenshon filed grossly undervalues the Satori, and that the court should increase the security to an amount "sufficient to compensate the damages" arising from the underlying state claim, approximately $5,000,000.00.

Ms. Randall's motion suffers from several deficiencies, not the least of which is the fact that she misunderstands the legal standard governing securitization of a vessel in an action for exoneration or limitation of liability. I begin there. The Limitation of Liability Act permits a vessel owner, under certain circumstances, to limit its liability in a marine casualty involving its vessel and claims for damages to the *value of the owner's interest in the vessel and her freight.* See 46 U.S.C.App. § 183(a).[2] Accordingly, the owner shall secure a claimant's interest, here that of the Estate of Brian Randall, by depositing "with the court ... a sum equal to the amount or value of the owner's interest in the vessel." Admiralty and Maritime Claims Rule F(1). In the instant case, Ms. Randall suggests that the security amount should be increased to an amount consonant with the estimated damages in the

underlying state claim. This is of course contrary to the plain language of both the statute and Rule F(1). Accordingly, this basis for increasing the security amount is, as a matter of law, without merit.

■ Assuming *arguendo* that Ms. Randall's motion was not deficient under § 183(a), it still fails to provide any grounds on which I can consider, let alone grant the relief request—that is an increase in the security amount to $5,000,000.00. Ms. Randall has provided a bare allegation that Mr. Levenshon has grossly undervalued the M/V Satori at $800,000.00. Ms. Randall has not submitted any evidence, expert or otherwise, to support this allegation. Ms. Randall must provide something of evidentiary value upon which I can base my ruling. *See generally Coleman v. Singletary,* 30 F.3d 1420, 1427 (11th Cir.1994) (explaining that "statements and arguments of counsel are not evidence") (quoting *United States v. Camejo,* 929 F.2d 610, 617 (11th Cir.), *cert. denied,* 502 U.S. 880, 112 S.Ct. 228, 116 L.Ed.2d 185 (1991)).

Had Ms. Randall shown, for example, that the purchase price of the vessel was higher than $800,000.00, or that Mr. Hamlin had conducted an insufficient inspection or appraisal, or that the published value of similar vessels was greater, there would be some evidentiary basis, sufficient or not,[3] upon which to rule. Ms. Randall has offered nothing more than information or belief, not to mention a competing affidavit

**2.** The statute states in full:
The liability of the owner of any vessel, whether American or foreign, for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in

the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.
46 U.S.C.App. § 183(a).

**3.** Though I do not reach whether this information would constitute sufficient evidence for purposes of challenging security amount under Rule F(1).

suggesting another surveyor's appraisal of the vessel.

Accordingly, the motion to increase security is DENIED.